In the matter of the guardianship of William Bartsch. Application of guardian to vacate order authorizing him to borrow money denied.

Abraham Lehman, for petitioner.

KETCHAM, S. The surrogate's power to authorize the guardian to borrow upon the life insurance policy is doubtful; but, the order having been made in that respect, it is now sought to vacate the same, so that another order may be made, containing not only the same authority to the guardian, but, in addition, authority to the insurance company to cancel the policy in the event of default in the payment of the loan and to apply the cash surrender value under such cancellation to said loan and interest. However uncertain may be the jurisdiction of the court with respect to the instruction to the guardian, it is unquestionably clear that the permission or direction to the insurance company would be void and absurd.

The original order will not be disturbed.

---

(60 Misc. Rep. 297.)

### In re DAVIS' WILL.

(Surrogate's Court, Kings County. July, 1908.)

WILLS (§ 404*)—CONTEST—RIGHT TO COSTS.

Where the committee of a lunatic unsuccessfully contested the probate of a will, it is not a special guardian appointed by the court, authorizing an award of costs, under Code Civ. Proc. § 2558.

[Ed. Note.—For other cases, see Wills, Dec. Dig. § 404.*]

In the matter of the probate of the will of Frederick A. Davis. Award of costs to unsuccessful contestant denied.

Campbell & Pape, for proponent.

Harris, Corwin, Gunnison & Meyers, for Hannah Davis and Home Trust Company, as committee, contestant.

David Murray, for Asher Murray, general guardian of Anna M. Merwin and George Merwin, infants, contestant.

KETCHAM, S. Where the committee of a lunatic is an unsuccessful contestant upon probate, and there has been no special guardian appointed for the lunatic, costs cannot be awarded to the committee. In this case the claim of costs is deserving, and would be approved, if it were within the power of the court to allow it. Section 2558 of the Code, so far as applicable, provides that costs shall not be awarded to an unsuccessful contestant, "unless he is a special guardian appointed by the court." It will not do to give costs to the committee on the theory that he is to be regarded as a special guardian. It is to a person "appointed," and not to one "regarded," that the award is possible.

Decreed accordingly.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes